# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EUGENE BURCHETT, )
  )
       Petitioner, )
  )
v. ) Case No. CIV 16-030-RAW-KEW
  )
CARL BEAR, Warden, )
  )
       Respondent. )

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections, who currently is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Wagoner County District Court Case No. CF-2014-190 for seven counts of Lewd or Indecent Acts to a Child Under 16, one count of Performing a Lewd Act in the Presence of a Child Under 16, and one count of Lewd or Indecent Proposal to a Child Under 16. He raises three grounds for relief:

    I.    Defense counsel allowed conviction and sentence before defendant waived preliminary hearing or entered a plea, then tried to cover it up with an appeal of order denying a motion to withdraw, and refused to file a direct appeal of conviction or sentence.

    II.    State sentenced Petitioner before he was appointed counsel, entered a plea, or waived preliminary hearing; Petitioner was not indicted by a grand jury, and the Information did not confer jurisdiction upon trial court; Petitioner was not competent.

    III.    Petitioner, who was 72 years old, mentally incompetent, severely disabled, handicapped, and without counsel waived a preliminary hearing and was sentenced just days after his arrest. He also was denied a hearing on his post-conviction application and uncontested motions.

Respondent has filed a response to the petition with the following records from

Petitioner's criminal proceedings:

    A.    Judgment and Sentence.

    B.    Information.

    C.    Entry of Appearance for Gary Huggins.

    D.    Waiver of Preliminary Hearing.

    E.    Plea of Guilty, Summary of Facts.

    F.    Sentencing Order.

    G.    Motion to Withdraw Plea.

    H.    Minute Order Denying Motion to Withdraw Plea.

    I.    Petition for Writ of *Certiorari*.

    J.    Petitioner's Brief for his writ of *certiorari*.

    K.    Summary Opinion Denying *Certiorari*. *Burchett v. State*, No. C-2014-519 (Okla. Crim. App. Feb. 19, 2015).

    L.    Application for Post-Conviction Relief.

    M.    Order Denying Post-Conviction Relief. *State v. Burchett*, No. CF-2014-190 (Wagoner County Dist. Court (Sept. 16, 2015).

    N.    Post-Conviction Petition in Error.

    O.    Order Affirming Denial of Post-Conviction Relief. *Burchett v. State*, No. PC-2015-893 (Okla. Crim. App. Dec. 30, 2015).

    P.    Relevant transcripts and state court record.

(Dkts. 11-1 through 11-15 & Dkts. 12-1 through 12-3).

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Background**

On May 16, 2014, Petitioner, who was represented by counsel, entered guilty pleas to the nine counts alleged in the Information and was sentenced, pursuant to a plea agreement with the State (Dkts. 11-2, 11-5, 11-6). Petitioner, through counsel, filed a motion to withdraw his plea on May 23, 2014 (Dkt. 11-7). Conflict counsel was appointed for Petitioner, and a hearing was held on June 3, 2014 (Dkt. 11-8). At the conclusion of the hearing, Petitioner's motion to withdraw was denied. *Id.* Petitioner, through counsel, timely filed a Petition for Writ of *Certiorari* and supporting brief in the Oklahoma Court of Criminal Appeals (OCCA) (Dkt. 11-9, 11-10). The OCCA issued a Summary Opinion Denying *Certiorari* on February 19, 2015 (Dkt. 11-11). On July 13, 2015, Petitioner filed a pro se application for post-conviction relief in the state district court (Dkt. 11-12). The state district court denied the post-conviction application on September 16, 2015 (Dkt. 11-13), and Petitioner appealed the denial to the OCCA (Dkt. 11-14). On December 30, 2015, the OCCA entered an order affirming the district court's denial of post-conviction relief (Dkt. 11-15). This habeas corpus petition was filed on January 25, 2016 (Dkt. 1).

**Motion to Supplement**

As an initial matter, Petitioner has filed a motion to supplement the petition (Dkt. 14) and a proposed amended/supplemental petition. He alleges that after filing the original habeas petition, he became concerned about his failure to include the claims raised in his *certiorari* appeal to the OCCA, which he asserts are cognizable, substantive, and exhausted. He contends he was ignorant of the law and received incorrect advice from the jailhouse

3

lawyer in prison, and he since has had assistance with what he believes is competent legal advice. Respondent has filed an objection to Petitioner's motion to supplement, alleging Petitioner now is attempting to file a "brand new habeas corpus petition," and the motion should be denied pursuant to Fed. R. Civ. P. 15(c) and 15(d) (Dkt. 16).

Rule 15(d) states as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.
> Fed. R. Civ. P. 15(d).

Petitioner does not allege the claims he wants to add to his petition involve an "occurrence, or event that happened after the date" of when his original petition was filed. To the contrary, the proposed claims apparently are the same claims he raised in his *certiorari* appeal in state court, which was denied in 2015. *Burchett v. State*, No. C-2014-519 (Okla. Crim. App. Feb. 19, 2015) (Dkts. 11-9, 11-10). The Court finds the proposed claims are not new, and they were not unavailable when Petitioner filed his original petition. Therefore, Petitioner's request to supplement does not comply with the language or the purpose of Rule 15(d).

The Court further finds that Rule 15(c)(1), which allows relation back of an amendment to an original pleading, is not applicable:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . .

Fed. R. Civ. P. 15(c)(1) (A-B).

4

Here, Petitioner's motion to amend was filed in April 2018, outside the applicable one-year statute of limitations that expired in 2016. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that pending habeas corpus petition does not toll the limitation period). The Court, therefore, finds Petitioner's attempt to assert additional claims involving his plea proceedings do not relate back under Rule 15(c) in a manner that would allow him to avoid the statute of limitations. As explained by the Supreme Court:

> Congress enacted AEDPA to advance the finality of criminal convictions. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). To that end, it adopted a tight time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.

*Mayle v. Felix*, 545 U.S. 644, 662 (2005) (citations omitted).

An examination of the claims in Petitioner's original petition in relation to those raised in his state *certiorari* appeal reveals there is no relation back to toll the limitation period. Petitioner did not raise on *certiorari* appeal the claims in his original habeas petition that he was denied a direct appeal (Ground I), that the trial court lacked jurisdiction (Ground II), that he was incompetent to plead guilty (Ground III), or that he was denied due process because he did not have a hearing on his post-conviction application (Ground III). Therefore, his proposed claims, although all arising from the guilty plea proceedings, do not relate back to the original petition. *See Mayle*, 545 U.S. at 661 ("Each separate congeries of facts supporting the grounds for relief . . . would delineate an 'occurrence'" referenced in Rule 15, not the general occurrence of the trial itself); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (holding district court did not abuse its discretion in disallowing amendment where request to amend was filed outside the statute of limitations and involved completely new, separate, and distinct claims which did not clarify or amplify a claim or

5

theory raised in the original petition).[1]

The Court further finds Petitioner would not be entitled to equitable tolling of the limitation period. He claims he did not file the proposed habeas claims in the original petition because of his ignorance of the law and an incompetent prison law clerk assistant. Such circumstances, however, do not warrant equitable tolling of the limitation period.

"[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Moreover, Petitioner was specifically warned in the petition form he originally filed that he should raise "all available grounds for relief which relate to the conviction under attack" (Dkt. 1 at 5). Under these circumstances, Petitioner's motion to supplement or amend his original petition with proposed claims which are not newly-discovered as contemplated by Rule 15(d), and which do not meet the relation back provision in Rule 15(c)(1), is DENIED.

**Grounds I and II**

In Ground I of the petition, Petitioner alleges "[d]efense counsel allowed conviction and sentence before defendant had waived preliminary hearing, or entered a plea, then tried to cover it up with an appeal of an order denying a motion to withdraw plea, and refused to file a direct appeal of the conviction or sentence." Petitioner references his post-conviction appeal for purposes of exhaustion and asserts his counsel and the state district court denied him a direct appeal of his conviction and sentence. (Dkt. 1 at 5)

---

[1] To the extent Petitioner attempts to inject a claim of illegal sentencing in his reply to Respondent's response to the motion to supplement (Dkt. 17), this claim is unexhausted, because it was not presented to state courts or in original petition. Furthermore, his assertion that Respondent somehow "injected" claims from the *certiorari* appeal into this habeas action is meritless and frivolous.

Petitioner alleges in Ground II that the state district court docket sheet reflects he was sentenced before he was appointed counsel, and the preliminary hearing was waived before he entered his guilty plea. He further contends the state district court lacked jurisdiction, because he was not indicted by a grand jury and because he was not competent. *Id.* at 6.

Respondent alleges Petitioner's claims in Grounds I and II are procedurally barred from federal habeas review, and the claims present no basis for federal habeas corpus relief. The record shows that Petitioner argued in his post-conviction proceedings that he was sentenced before he waived preliminary hearing, that he was not indicted by a grand jury, and that he was deprived of a direct appeal. (Dkt. 11-12 at 46; Exhibit 11-14 at 3-4). He, however, did not raise these claims on direct *certiorari* appeal. (Dkt. 11-10).

In its order affirming the district court's denial of post-conviction relief, the OCCA found the issues raised in Petitioner's post-conviction application either were procedurally barred by *res judicata*, or the claims were waived because they could have been raised in the prior *certiorari* appeal. *Burchett v. State*, No. PC-2015-893, slip op. at 2 (Okla. Crim. App. Dec. 30, 2015) (Dkt. 11-15). Because the OCCA procedurally barred review of Petitioner's claims, this Court also is barred from reviewing the claims.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The OCCA denied relief for Petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id. See also Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (recognizing Oklahoma's procedural requirement that all grounds for relief that could have been--but were not--raised

7

in a first application for post-conviction relief are deemed waived for further consideration in any subsequent application for post-conviction relief). The Tenth Circuit has recognized that the OCCA's application of a waiver of claims is based on state law and is adequate to bar federal habeas corpus review. *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). Petitioner, therefore, is barred from consideration of his claims, unless he can show cause for the default and actual prejudice, or that a fundamental miscarriage of justice will occur if the merits of the claims are not reached.[2]

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him. . . ." *Coleman*, 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Absent a showing of cause, there is no need to consider the existence of prejudice. *Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

Petitioner claims in his petition that both his counsel and the state court did not allow

---

[2] Petitioner did not explain his allegation that he was not competent (Dkt. 1 at 6). He also did not raise the issue of competency in his *certiorari* appeal or his post-conviction proceedings (Dkt. 10, 12, 14). Thus, he has not exhausted this claim in state court. *See e.g., Rhines v. Weber*, 544 U.S. 269, 276-77 (2005) (holding a petitioner must completely exhaust all his state court remedies before coming to federal court); *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (same). Further, if Petitioner returned to state court to attempt exhaustion of this claim, it would be procedurally barred based on independent and adequate state procedural rules. *See Smith*, 550 F.3d at 1274. Because Petitioner has alleged no cause for his failure to exhaust the claim below, and has not even acknowledged his failure to fully exhaust the claim, this Court is precluded from addressing the merits of the claim. *See Coleman*, 501 U.S. at 750. To the extent Petitioner is attempting to raise an unexhausted claim, this Court applies an anticipatory procedural bar and denies the claim. *See Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (applying anticipatory procedural bar to unexhausted claim).

him to file a direct appeal of his convictions and sentences (Dkt. 1 at 506). To the extent this allegation can be construed as an assertion of cause for the procedural default, it is unsupported by the record.

The record reflects that: (1) Petitioner's counsel timely moved to withdraw his plea; (2) conflict counsel was appointed and a hearing was conducted on Petitioner's motion to withdraw; (3) after the motion was denied, a *certiorari* appeal was filed through appellate counsel; and (4) the appeal was considered and denied by the State's highest court.[3] (Dkts. 11-7 through 11-11). Despite Petitioner's misunderstanding of the law, there is no alternative or higher review on a plea of guilty under Oklahoma law than a *certiorari* appeal to the OCCA. Therefore, any claim by Petitioner that he was denied a direct appeal is meritless. Because Petitioner has failed to demonstrate cause for his procedural default, there is no need to address the issue of prejudice.

The Court further finds Petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24

---

[3] Appellate counsel raised the following six propositions of error in the brief on *certiorari* appeal: (1) Petitioner's plea was not entered knowingly and voluntarily as a result of his being denied life-sustaining medication as an inmate in the County jail; (2) there was an insufficient factual basis on the record for the court to accept Petitioner's pleas to Count 2, Count 3, Count 4, and Count 5; (3) Petitioner was denied effective assistance of counsel as to his plea of guilty in this case; (4) Petitioner was denied effective assistance of counsel as to the attorney who represented him at the plea withdrawal hearing; (5) Petitioner's convictions in Count 6 and Count 8 violate constitutional prohibitions against double punishment and double jeopardy; and (6) the cumulative effect of all these errors deprived Petitioner of a fair and impartial proceeding (Dkt. 11-10).

(1998) (citation omitted). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal citations omitted).

Petitioner does not claim to be actually innocent of his crimes. Consequently, he cannot demonstrate that application of the procedural bar in this case would result in a fundamental miscarriage of justice. *Dretke*, 541 U.S. at 393. For the reasons set forth above, the Court finds Petitioner's claims in Grounds I and II are procedurally barred from habeas corpus relief.

**Ground III**

Petitioner alleges in Ground III that he was denied his constitutional right to due process when, although he was disabled and mentally incompetent, his post-conviction application was denied without an evidentiary hearing or appointment of counsel. He complains he filed his post-conviction application after he discovered, by reviewing the state district court docket sheet, that he had been convicted and sentenced just days after his arrest, and before he was appointed counsel or had waived preliminary hearing (Dkt. 1 at 7). As presented by Petitioner, these claims concern the sufficiency of the manner in which the state courts denied him post-conviction relief under state law, and the claims do not implicate federal law. For these reasons, Respondent asserts the Court should decline to entertain the claims.

The Court finds Petitioner is not attacking the underlying convictions for which he is in custody. Instead, he is challenging his collateral proceedings and the state courts'

application of appellate rules. Such claims regarding post-conviction proceedings are not cognizable in a federal habeas corpus action. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's motion to supplement the petition (Dkt. 14) is DENIED, the petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 29th day of January 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma